A deed, or other exhibit, proved under a commission, must, in general, be annexed to, and returned with the commission.

But where it is in the custody of the law ; e. g. being a deed of a military lot, deposited with the clerk of the county of *Cayuga*, and forming part of the records of that county ; annexing a copy is sufficient, and the exhibit may be produced on the trial, separate from the commission.

JACKSON, *ex dem.* WOODRUFF and others, *against* SHEPHERD.

EJECTMENT, for part of a military lot, in *Cicero, Onondaga* county ; tried at the circuit in that county, *March*, 1826, before THROOP, C. Judge.

At the trial, in the course of the plaintiff's evidence, it became necessary for him to prove a deed deposited in, and belonging to the clerk's office of the county of *Cayuga*, pursuant to statute. The execution of this deed was proved under a commission executed in *Connecticut*. The clerk of *Cayuga* attended with, and exhibited the deed before the commissioners ; and a copy of the deed was annexed to the commission, but not the original. The latter was, however, produced at the trial.

But because the original was not annexed, the judge, at the circuit, rejected the evidence of its execution ; and the plaintiff was nonsuited, for the defect which such want of proof occasioned in his chain of title.

A motion was now made, in behalf of the plaintiff, to set aside the nonsuit ; and for a new trial.

*G. C. Bronson*, for the motion.

*C. P. Kirkland*, contra.

*Curia*, *per* SAVAGE, Ch. J. The act regulating the execution of commissions, (1 *R. L.* 520, *s.* 11,) requires that all exhibits produced to the commissioners, and proved by any witness, shall be annexed to the commission, and returned to the court, closed up and under the seals of two or more of the commissioners. In *Jackson v. Hobby*, (20 *John.* 361,) *Platt*, J. who delivered the opinion of the court, says of this act, " when a statute makes innovations on the common law rules of evidence, its positive requirements must be strictly complied with." But in this case, a literal compliance was impossible. The exhibit produced, was a record of *Cayuga* county ; not

subject to the control of the party or commissioners. Every thing possible was done to identify the paper; and no doubt can exist that the same deed was produced in court, which was proved before the commissioners. We think the peculiar circumstances of this case form an exception to the rule, as laid down in *Jackson* v. *Hobby.* The nonsuit must, therefore, be set aside; and a new trial granted.