Robertson, J.
The motion now made is to suppress depositions taken on a commission issued by the plaintiff, to England, or the answers of a witness to certain interrogatories annexed to such commission.
This action is brought on a policy of insurance, for damages to the plaintiff, for the consumption of merchandise bélonging to him, for fuel to supply the steam engine of the vessel in which they were being carried, which, by stress of weather, was delayed in her voyage, so as to render the consumption of such merchandise, as fuel, necessary.
Certain direct interrogatories annexed to such commission. are directed to be administered to the captain of such *646 vessel, (6th, 7th, 8th, 9th and 10th,) in reference to the existence, consumption and destruction of fuel on board of such vessel, which are answered by him without any reference to any book or memorandum.
The following is put to such captain, and numbered as one cross-interrogatory (2d):
“Did you, or not, keep or have kept on board of said “ steamship, a log-book of the voyages while you were “ master, and if so, where is said log-book ? In whose “ possession or control is it ? Produce the same, if you “ have it? Or state why you do not produce it ? Was or “ not an engineer’s log-book kept on board said steamship ? “If it was, where is it now? When did you last see it, “ and where? In whose possession or control is such log- “ book now ? Does not such engineer’s log-book contain “ a statement of the whole quantity of fuel on board at the “ time of starting on each voyage, and of the daily con- “ sumption of fuel and the quantity remaining, and also “remarks upon the subject of the fuel? If you know “ where such engineer’s log-book is, or can procure it, pro- “ duce the same ? If not, state why you do not produce it?”
The next cross-interrogatory asks the witness, in ease he does not produce the log-books, to state whether his answer to certain direct interrogatories are from recollection ; or if not, from what sources he refreshes his memory.
The witness, in answer to the first of such interrogatories, produced his own log-book, having obtained it from the ship-owners for the purpose. He also said “There “ was also an engineer’s log-book kept on board the said “ steamship; such last mentioned log-book is now also pro- “ duced to him, having been obtained from the owners for “the purpose of this inquiry. He further answers the “ special inquiries as to the contents of such log-book in the affirmative. To the other cross-interrogatory the witness answered that the log-books have been produced, and he had answered the direct interrogatories referred to therein, from recollection and an examination of such logbooks.
*647 I do not think I can now properly entertain the motion to suppress the answers to the direct interrogatories objected to; the objection goes not to the irregularity of the execution of the commission, but the admissibility of the witness’ evidence, as resting on independent recollection or the contents of. the books.
The fact of the engineer’s log-book required being in the custody of third persons, would not be an excuse for not annexing it, or a copy, if produced before the Commissioners. In such cases a copy may be substituted.
(Comm. Bank of Penn. v. Union Bank of N. Y., 19 Barb., 391; S. C., on appeal, 1 Kern., 203; 6 Cow., 444.)
The Revised Statutes provide, (2 R. S., 394, § 16, sub. 3; same statute, 5th ed., p. 676:) “If any exhibits arepro- “ duced and proved before them, they shall be annexed to “the depositions.” The sole question, therefore, is whether the cross-interrogatory in relation to the log-book of the engineer was put in such form as to require it to be made an exhibit; otherwise the witness had a right to look at the book produced and testify, without annexing any copy to his answer. (Steinkeller v. Newton, 2 M. & R., 372.) Of course, as the physical book itself is not required to be annexed, there can be no substitute for it, so as simply to prove the appearance of the book. If the contents were required to be produced and proved, it then became an exhibit. The mere production of the book physically, before the Commissioners, would not enable either party to get at its contents, unless the interrogatory pointed at such contents. The owner of the book might possibly object to an examination, and for that reason it might never have been made, or have been waived; but the interrogatory must require such an examination, in order to satisfy the Court that the Commissioners and the witness have not done their duty, and attempted, at least, to get at such contents by inspection at the time of the examination. I apprehend it is not enough to ask a witness, by an interrogatory annexed to the commission, if a book produced is a certain book of account, and if he answers. *648 in the affirmative, object to the deposition, because it does not have a copy of the contents of such book annexed. Parties are not entitled, on the examination of a witness by commission, any more than in Court, to have the whole of the contents of a book belonging to another person, although identified, inspected. The fact of the existence of an engineer’s log-book was, by such cross-interrogatory, inquired into and proved; also that of its contents; the latter, however, only according to the witness’ recollection of them, because he was not even requested to look at that log-book in testifying. But no one was required to testify as'to the exact contents of such book, or read it, or verify a copy of entries in it. Indeed it would not seem that the character of such entries were of any importance, as their identification by the master would not make them evidence; the more important object seems to have been to lay the foundation for the next interrogatory, and the objection to the witness’ answers to several direct interrogatories, as being derived from such books, and not acts of independent memory. There being no request in such interrogatory to the witness, to look at the contents of the book, or annex a copy of them, it was hardly an exhibit, except in its closed state, as being the book kept by the engineer, in order to refresh the memory of the witness as to its existence. It has always been usual in interrogatories as to written documents, to • require witnesses to annex copies, where they were intended to be exhibits, and I do not see why this, or something equivalent, is not an essential test. The witness could, in this case, have answered all the interrogatory without producing or seeing the book, and his answer would have been properly taken and regular; I do not see why his testifying, in addition, that such book was present, required it, or a copy, to be annexed, any more than if it had been any other physical object.
If the contents of the engineer’s log-book, or the book itself, be necessary for the defendants,¡ they are at liberty to take measures for its production; or if they intended to get'at its contents by this interrogatory, the Court *649 would probably afford them an opportunity of correcting the accidental slip. I do not think, however, the commissioners decided erroneously in supposing the contents of the engineer’s log-book were not required to be annexed by the interrogatory in question; but the motion must be denied with seven dollars costs to the plaintiff to abide the event.